ANNIE Y.S. CHUANG, SBN 196307
achuang@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, CA 94104
Tel.: 415.544.1900
Fax: 415.391.0281

ROBERT H. RECKERS, *pro hac vice to be filed*
rreckers@shb.com
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, Texas 77002
Tel.: 713.227.8000
Fax: 713.227.9508

*Attorneys for Plaintiff*
ACRISURE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACRISURE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NEWFRONT INSURANCE, INC., <br><br> Defendant. | Case No.: 3:19-cv-08150 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ASSOCIATION, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Acrisure, LLC ("Acrisure" or "Plaintiff") for its Complaint against Defendant Newfront Insurance, Inc. ("Defendant" or "Newfront") alleges as follows:

1. Acrisure has registered the Design Mark below for insurance services in the United States and around the world, and uses this mark to offer insurance services, insurance brokerage, risk management, and a variety of other insurance-related services to customers across the United States and internationally.



(the "Acrisure Design Mark")

2. This action arises from Defendant's use of the similar design mark shown below in connection with insurance brokerage services and insurance services related thereto.



(the "Newfront Design Mark")

3. The Acrisure Design Mark and the Newfront Design Mark are used to render identical services in identical fields and are marketed to the same consumers in the same channels of trade. This overlap is likely to confuse or deceive consumers into the mistaken belief that Defendant is affiliated with Acrisure.

4. Acrisure authorizes the use of Acrisure trademarks, including the Acrisure Design Mark, to a network of Acrisure-owned and operated insurance offices.

5. Use of the similar Newfront Design Mark on identical services is likely to cause confusion that Acrisure is the source of Defendant's products and services, or that there is an association between Acrisure and Defendant, or that Acrisure has approved of or licensed Defendant to use the Newfront Design Mark, in violation of the Lanham Act and related state law.

6. Accordingly, Acrisure seeks injunctive relief and damages under the Lanham Act for federal trademark infringement (15 U.S.C. § 1114) and false association (15 U.S.C. § 1125(a)), for common law trademark infringement, and for unfair competition within the meaning of California

1  Business and Professions Code § 17200, *et seq*.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has its principal place of business in the State of California and conducts business in the State of California and this judicial district.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338 and 1367. Acrisure's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. § 1051, *et seq*. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). On information and belief, Newfront's headquarters is located in this district, and a substantial part of the events and injuries giving rise to the claims set forth herein occurred in this district. On information and belief, Defendant also provides its services using the Newfront Design Mark in this district.

## INTRA-DISTRICT ASSIGNMENT

10. Because this is an intellectual property case, it is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

## THE PARTIES

11. Plaintiff Acrisure, LLC, is a limited liability company organized and existing under the laws of the state of Michigan, with its headquarters at 5664 Prairie Creek Drive, SE, Caledonia, Michigan 49316.

12. Upon information and belief, Defendant Newfront Insurance, Inc., is a corporation organized and existing under the laws of the state of Delaware, with its headquarters at 55 2nd Street, Floor 18, San Francisco, California 94105.

## FACTS COMMON TO ALL COUNTS

**Acrisure is an International Insurance Brokerage Providing Insurance Solutions through a Network of Insurance Offices.**

13. Acrisure is an insurance broker that provides a full suite of insurance brokerage, risk management, and insurance-related services through a network of insurance offices. The network provides consumers with insurance solutions across the United States and internationally, all with

the powerful backing of a large insurance brokerage firm.  Acrisure has grown quickly and is now one of the ten largest insurance brokerages in the world.

14. Acrisure consistently delivers high-quality services through its offices.  As a result, Acrisure enjoys an excellent reputation in the insurance field, and it has accumulated a substantial amount of goodwill in the Acrisure name and trademarks.

15. Acrisure's offices use Acrisure trademarks, including the Acrisure Design Mark, by virtue of their corporate relationship to Acrisure.  Acrisure's offices advertise using the Acrisure Design Mark in conjunction with and/or adjacent to the office's own name or trademarks.  *See, e.g.*, Busby-Stone Risk Management, https://busbystone.com/; Presidio, https://presidiogrp.com/.  An example of such use of the Acrisure Design Mark by one of its offices is illustrated below (*id.*):



16. Acrisure exercises control over the quality of the services rendered by its offices.  Acrisure monitors its offices to ensure their level of service meets Acrisure's high standards and to ensure that consumers receive the high-quality services they expect when they see the Acrisure name and trademarks.

17. Acrisure exercises control over the use of its trademarks, including the Acrisure Design Mark, to ensure that its offices comply with quality-control provisions regarding such use.

18. Due to the concurrent advertising, promotion, and use of the Acrisure Marks within its network, Acrisure has developed significant recognition for its services offered under the Acrisure marks, including the Acrisure Design Mark, and has acquired and enjoys a valuable reputation under its marks.

19. Since at least as early as 2011, Acrisure has used the Acrisure Design Mark to indicate that Acrisure is the source of the following products and services: "Insurance services, namely, underwriting, issuing and administration of, personal property insurance, vehicle insurance, watercraft insurance, commercial insurance, commercial general liability insurance, products

liability insurance, business interruption insurance, workers' compensation insurance, cargo insurance, occupational accident insurance, individual life insurance, individual disability insurance, individual health insurance, group health insurance, group life insurance, group dental insurance, group vision insurance, group disability insurance, long term care insurance, boiler and machinery insurance, criminal acts insurance, directors and officers insurance, employment-related practices liability insurance, fidelity and crime insurance, fiduciary insurance, contract and surety bonding, inland marine insurance, international capability insurance, liquor liability insurance, professional liability insurance, commercial property insurance, systems breakdown insurance, umbrella insurance, homeowners insurance; insurance agency services; insurance administration; risk management services, namely, consultation in the fields of loss control and loss." Acrisure owns U.S. Registration No. 5,384,780 (issued January 23, 2019) for the Acrisure Design Mark for these services. A copy of the Certificate of Registration is attached as **Exhibit A.**

20. In addition to the federal trademark registration, Acrisure owns significant common law trademark rights in the mark for all the products and services marketed under the Acrisure Design Mark, through extensive use of the mark in commerce since at least as early as 2011.

**Defendant's Intentional Adoption of a Confusingly Similar Mark Infringes Acrisure's Valuable Trademark Rights.**

21. Upon information and belief, Defendant is an insurance brokerage incorporated in 2017 that provides a variety of insurance-related services throughout the United States.

22. Defendant and Acrisure operate in overlapping insurance industries and geographic areas, offer services in identical channels of trade, and market to a similar, if not identical, customer base.

23. Acrisure is informed and believes that Defendant intentionally adopted and used the Newfront Design Mark without Acrisure's permission and in interstate commerce after Acrisure registered its Acrisure Design Mark and began using it in interstate commerce.

24. The Newfront Design Mark and the Acrisure Design Mark both consist of a number of shaded squares arranged in rows to form a triangular shape. In addition, both marks in use are typically comprised of dark blue squares, as illustrated below:

Case 3:19-cv-08150-VC   Document 1   Filed 12/13/19   Page 6 of 13

 

**Newfront Design Mark**         **Acrisure Design Mark**

25. Defendant's use of the Newfront Design Mark is likely to cause confusion, mistake or deception and create an erroneous impression that Defendant's products have a connection, sponsorship or affiliation with Acrisure and its products and services. Such a connection, sponsorship or affiliation does not exist.

26. Upon information and belief, Defendant is aware of the Acrisure Design Mark and has failed to take any actions to avoid the likelihood of confusion arising from the similar design of the Newfront Design Mark. Further, Defendant was aware, on information and belief, of the Acrisure Design Mark when the Defendant corporation was formed in 2017 and prior to the adoption of the Newfront Design Mark. For example, Defendant employs at least two former high-ranking Acrisure employees and directly competes against Acrisure for customers and employees.

27. Defendant's adoption of a confusingly similar design mark was an attempt to pawn off the goodwill associated with the Acrisure Design Mark and reflects an effort to confuse consumers regarding the source of Defendant's services.

28. Defendant's use of the Newfront Design Mark deprives Acrisure of the ability to control and maintain the quality of products and services offered using the Acrisure Design Mark. Defendant's use of the Newfront Design Mark infringes Acrisure's trademark rights by causing individuals to incorrectly attribute Defendant's offerings to Acrisure. That likelihood of confusion jeopardizes Acrisure's relationship with its current and prospective customers, partners, and the public. The likelihood of confusion also places Acrisure's valuable reputation in the hands of Defendant, over which Acrisure has no control.

29. Defendant's use of the Acrisure Design Mark has caused, is causing, and will continue
6

COMPLAINT
CASE NO. 3:19-cv-08150

to cause, irreparable injury to Acrisure and its reputation and goodwill, and unless enjoined will cause further irreparable injury for which Acrisure has no adequate remedy at law.

30. Because Defendant adopted the Newfront Design Mark with full knowledge of the Acrisure Design Mark, and continues its unauthorized use of the mark after Acrisure registered the mark, Defendant's use and infringement of the Acrisure Design Mark is willful and intentional.

**FIRST CAUSE OF ACTION**

**Federal Trademark Infringement (15 U.S.C. § 1114)**

31. Acrisure realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 30 of this Complaint.

32. Defendant had either actual notice and knowledge, or constructive notice and knowledge, of Acrisure's ownership and registration of the Acrisure Design Mark pursuant to 15 U.S.C. § 1072.

33. Upon information and belief, Defendant was aware of Acrisure's business and the registered Acrisure Design Mark before adopting and commencing use of the Newfront Design Mark.

34. Upon information and belief, Defendant, without Acrisure's consent, deliberately adopted the Newfront Design Mark in an attempt to trade on the goodwill, reputation, and selling power established by Acrisure under the Acrisure Design Mark.

35. Defendant's use of the Newfront Design Mark is likely to cause customers to be confused as to the source, nature and quality of Defendant's insurance services.

36. Defendant's use of the Newfront Design Mark in connection with insurance services allows, and will continue to allow, Defendant to receive the benefit of the goodwill established at great labor and expense by Acrisure and to gain acceptance of Defendant's products and any related services, not based on the merits of those products and services, but on Acrisure's reputation and goodwill.

37. Defendant's use of the Newfront Design Mark in connection with insurance services deprives Acrisure of the ability to control the customer perception of the quality of the products and services marketed under the Acrisure Design Mark, and places Acrisure's reputation and goodwill

1  in the hands of Defendant, over which Acrisure has no control.

2      38.    Defendant's use of the Newfront Design Mark is likely to cause confusion, or to cause mistake, or to deceive customers or potential customers in violation of 15 U.S.C. § 1114.

    39.    Acrisure has been, is now, and will continue to be irreparably injured and damaged by Defendant's trademark infringement, and unless enjoined by the Court, Acrisure will suffer further harm to its reputation and goodwill.  This harm is an injury for which Acrisure has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### False Association (15 U.S.C. § 1125(a))

    40.    Acrisure realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 39 of this Complaint.

    41.    Defendant's use of the Newfront Design Mark is designed to falsely indicate to consumers that Defendant's services are in some manner connected with, sponsored by, affiliated with, or related to Acrisure and its products and services.

    42.    Defendant's use of the Newfront Design Mark falsely suggests that its insurance and brokerage services are connected with, sponsored by, affiliated with, or related to Acrisure in violation of 15 U.S.C. § 1125(a).

    43.    Acrisure has been, is now, and will continue to be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Acrisure will suffer further harm to its reputation and goodwill.  This harm is an injury for which Acrisure has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### Common Law Trademark Infringement

    44.    Acrisure realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 43 of this Complaint.

    45.    Acrisure owns and has valid common law trademark rights in the Acrisure Design Mark used in connection with a wide range of insurance brokerage, risk management, and related insurance services.

46. Defendant's use of the Newfront Design Mark is in violation and derogation of Acrisure's common law trademark rights and is likely to cause confusion, mistake, and deception among customers and the public as to the source, origin, sponsorship, affiliation, and/or quality of Defendant's products and any related services, thereby causing loss, damage, and injury to Acrisure and to the public.

47. Acrisure is informed and believes, and thereon alleges, that Defendant's violations of Acrisure's common law trademark rights have been knowing, deliberate, willful, intended to cause mistake and to deceive, and are in disregard of Acrisure's rights.

48. Acrisure has been, is now, and will continue to be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Acrisure will suffer further harm to its reputation and goodwill. This harm is an injury for which Acrisure has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Unfair Competition (Cal. Bus. & Prof. Code § 17200, *et seq.*)

49. Acrisure realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 48 of this Complaint.

50. Defendant's use of the Newfront Design Mark amounts to unfair competition, including unlawful and unfair practices, in violation of California Business and Professional Code § 17200 *et seq.*

51. Defendant's use of the Newfront Design Mark is likely to cause confusion, mistake, and deception among customers and the public as to the source, origin, sponsorship, affiliation, nature and/or quality of Defendant's services and commercial activities, thereby causing loss, damage, and injury to Acrisure and to the purchasing public.

52. Acrisure has been, is now, and will continue to be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Acrisure will suffer further harm to its reputation and goodwill. This harm is an injury for which Acrisure has no adequate remedy at law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Acrisure, LLC, asks the Court for a judgment against Defendant Newfront Insurance, Inc., as follows:

1. Entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with it, be enjoined and restrained from:

   a. Using in any manner the Acrisure Design Mark or any mark confusingly similar to, or a colorable imitation of, the Acrisure Design Mark or the Newfront Design Mark; and

   b. Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public related to the Acrisure Design Mark or the Newfront Design Mark, including prospective customers of Acrisure's services, as to the source of the products or services offered for sale, distributed, or sold; and

   c. Doing any act or thing calculated or likely to deceive members of the public, including prospective customers, into believing that there is some association or connection between Defendant and Acrisure;

2. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Acrisure within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and ceased all use and/or ceased offering of products or services under the Newfront Design Mark as set forth above;

3. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction or impoundment, or to show proof of destruction or impoundment, all infringing matter in all articles, documents, files, advertisements, promotional items, servers, other storage media, systems, or other matter in their possession, custody, or control that infringe or otherwise violate Acrisure's rights in the Acrisure Design Mark, or any mark that is confusingly similar to or a colorable imitation of the Acrisure Design Mark, including the Newfront Design Mark;

4. A judgment in the amount of Acrisure's actual damages, Defendant's profits, Acrisure's reasonable attorneys' fees and costs of suit, and pre-judgment interest pursuant to 15 U.S.C. § 1117;

5. A judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

6. A judgment granting Acrisure such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Acrisure, LLC hereby requests a trial by jury.

Dated: December 13, 2019              SHOOK HARDY & BACON L.L.P.

By:  */s/ Annie Y.S. Chuang*
Annie Y.S. Chuang
Robert H. Reckers
Attorneys for Plaintiff
ACRISURE, LLC

# Exhibit A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,384,780**
**Registered Jan. 23, 2018**
**Int. Cl.: 36**
**Service Mark**
**Principal Register**

Acrisure, LLC (MICHIGAN LIMITED LIABILITY COMPANY)
5664 Prairie Creek Drive, S.e.
Caledonia, MICHIGAN 49316

CLASS 36: Insurance services, namely, underwriting, issuing and administration of, personal property insurance, vehicle insurance, watercraft insurance, commercial insurance, commercial general liability insurance, products liability insurance, business interruption insurance, workers' compensation insurance, cargo insurance, occupational accident insurance, individual life insurance, individual disability insurance, individual health insurance, group health insurance, group life insurance, group dental insurance, group vision insurance, group disability insurance, long term care insurance, boiler and machinery insurance, criminal acts insurance, directors and officers insurance, employment-related practices liability insurance, fidelity and crime insurance, fiduciary insurance, contract and surety bonding, inland marine insurance, international capability insurance, liquor liability insurance, professional liability insurance, commercial property insurance, systems breakdown insurance, umbrella insurance, homeowners insurance; insurance agency services; insurance administration; risk management services, namely, consultation in the fields of loss control and loss prevention

FIRST USE 5-00-2011; IN COMMERCE 5-00-2011

The mark consists of a triangle made up of 15 squares of varying sizes all with rounded corners.

SER. NO. 87-484,682, FILED 06-12-2017



*Joseph Matal*
Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office